IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-486 |
| | ) Judge Campbell, Jr. / Frensley |
| JOHN DOE, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned upon review of the file. The record reflects that Plaintiff Darrell Howard has not effected service of process on defendant Alias Haagenson or the John Doe defendant. For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

Plaintiff, an inmate at Turner Center Industrial Complex, filed his complaint on May 15, 2023, under 42 U.S.C. § 1983 regarding the conditions of his confinement. Docket No. 1. After initial review, the Court concluded Plaintiff had stated the following individual capacity Eighth Amendment claims: a claim against CO John Doe for failure to protect and/or excessive force based on the occurrence of an alleged assault on February 11, 2023; and a claim against CO John Doe and CO Alias Haagenson for failing to intervene during the alleged assault. Docket No. 7.

In a detailed order referring this case to the undersigned, the Court informed Plaintiff that he was responsible for effecting service of process on the defendants in accordance with Federal Rule of Civil Procedure 4 and that failure to timely complete service of process could result in dismissal of this action. Docket No. 79, p. 1. Plaintiff was also advised that CO John Doe cannot be served until that individual has been properly identified. Id.

On June 22, 2023, summons was issued to CO Alias Haagenson. Docket No. 11. On July 18, 2023, the summons was returned unexecuted. Docket No. 12. On August 22, 2023, the undersigned granted Plaintiff until September 22, 2023, to identify and serve CO John Doe. Docket No. 13. On October 20, 2023, the undersigned directed the Warden to provide a last known address for Alias Haagenson for the Clerk of Court to reissue summons and to forward to the Marshal for service. Docket No. 18. The Warden did so. On December 4, 2023, the Marshals Service returned the summons unexecuted as to defendant Haagenson as no such person was known at that address. Docket No. 23.

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

Plaintiff filed suit on May 15, 2023. It has been over eight months since he initiated this action, well beyond the 90-day time period for service under Rule 4(m). There is no indication that defendant Haagenson has actual notice of the lawsuit.

Because Plaintiff has not effected service on CO Alias Haagenson in compliance with Rule 4 and this Court's orders despite ample time to do so and court notice that failure to comply may result in dismissal, dismissal without prejudice is warranted. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m).

For these reasons, the Magistrate Judge RECOMMENDS that defendant CO Alias Haagenson be DISMISSED WITHOUT PREJUDICE from this lawsuit under Rule 4(m).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

3

Case 3:23-cv-00486    Document 27    Filed 01/26/24    Page 3 of 3 PageID #: 142